**UNITED STATES ATTORNEY'S OFFICE**
PHILIP R. SELLINGER
United States Attorney
EAMONN O'HAGAN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2874

*Attorneys for the United States of America*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re*<br><br>ECO LIGHTING USA, LLC,<br><br>                    Debtor. | Chapter 11<br>(Subchapter V)<br><br>Case No. 22-11314-JKS<br><br>Judge Vincent F. Papalia<br><br>Hearing Date: September 8, 2022<br>Hearing Time: 11:00 a.m. |

**OBJECTION OF INTERNAL REVENUE SERVICE TO CONFIRMATION OF**
**SMALL BUSINESS DEBTOR'S PLAN OF REORGANIZATION**

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service (the "Service"), submits the following objection to confirmation of the above-captioned debtor's Small Business Debtor's Plan of Reorganization (the "Plan") [ECF Doc. No. 61].  In support thereof, the Service respectfully represents as follows:

## RELEVANT BACKGROUND

1. Per the Service's records, Eco Lighting USA, LLC (the "Debtor") has failed to file the following federal tax returns: (a) Form 941 for the first quarter of 2016; and (b) Form 1065 for tax year 2016 (collectively, the "Delinquent Federal Returns"). *See* Claim No. 1.

2. The Serviced filed a proof of claim against the Debtor which includes: (i) an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(8) in the amount of $10,457.48[1] (the "Priority Claim"); and (ii) a general unsecured claim in the amount of $12,006.66. *See* Claim No. 1.

3. For the reasons discussed below, the Plan is not presently confirmable.

## OBJECTION

### A. The Plan is Not Confirmable Because it Fails to Adequately Provide for the Service's Priority Claim

4. With respect to the Priority Claim, Bankruptcy Code section 1129(a)(9)(C) requires full payment in cash (plus post-confirmation interest) within five-years of the Petition Date. 11 U.S.C. § 1129(a)(9)(C) *id.* § 1191(a) (incorporating section 1129(a)(9)'s confirmation requirements into Subchapter V cases); *United States v. Neal Pharmacal Co.*, 789 F.2d 1283, 1285 (8th Cir. 1986) ("Section 1129(a)(9)(C) provides that a debtor seeking confirmation of a reorganization plan under Chapter 11 may only defer the payment of priority tax

---

[1] This amount is partially estimated because, as noted above, the Debtor has failed to file federal tax returns for all periods entitled to priority under 11 U.S.C. § 507(a)(8).

2

claims if the creditor who is forced to accept the deferred payments receives interest on its claim in an amount that renders the deferred payments equivalent to the present value of its claim.").

5.   Here, the Plan does not provide specific payment terms with respect to the Priority Claim (as currently estimated).  *See* Plan Art. II.1.B.  Although the Plan acknowledges the treatment required under Bankruptcy Code section 507(a)(8), it goes on to state only that the Debtor expects that the Priority Claim will be reduced. *Id.*  The Plan must be modified to calculate the specific amount to be paid on account of the Priority Claim, including post-confirmation interest at the applicable rate as required by section 1129(a)(9)(C).[2]  *Id.*  Unless the Plan is revised to comply with section 1129(a)(9)(C), it is not confirmable.

6.   To be clear, before the amount of the Priority Claim can even be determined with certainty (or the feasibility of the Plan even assessed), the Debtor must file the Delinquent Federal Returns.  As explained below, the failure to file those returns provides an independent basis to deny confirmation of the Plan.

**B. <u>The Plan is Generally Unconfirmable Based on the Debtor's Failure to File Tax Returns</u>**

7.   As noted above, the Debtor has not filed the Delinquent Federal Returns.  *See* Claim No. 1.  Unless and until those returns are filed, the Plan cannot be confirmed. 11 U.S.C. § 1106(a)(6) ("A trustee shall . . . for any year for which the debtor has not filed a tax return required by law, furnish, without personal liability,

---

[2] The interest rate currently applicable to federal taxes is 4%.  *See* 11 U.S.C. § 511(a)-(b).

such information as may be required by the governmental unit with which such tax return was to be filed . . ."); *id.* § 1184 (requiring small business debtors under Subchapter V to comply with the requirements of section 1106(a)(6) of the Bankruptcy Code); *id.* § 1129(a)(2) (chapter 11 plan cannot be confirmed unless "[t]he proponent complies with the applicable provisions of this title."); *id.* § 1191(a) (applying Bankruptcy Code section 1129(a)(2)'s confirmation requirement to cases under Subchapter V); *see also Brennan v. First Jersey Secs., Inc.*, 187 B.R. 135, 148 (Bankr. D.N.J. 1995) (explaining that Bankruptcy Code sections 1106(a)(6) and 1107(a) impose a duty on debtors in possession to file required tax returns).

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Service requests that the Court (i) deny confirmation of the Plan; and (ii) grant any other and further relief that the Court deems just and proper.

Dated: September 1, 2022

                                            PHILIP R. SELLINGER
                                            United States Attorney

                                            */s/ Eamonn O'Hagan*
                                            EAMONN O'HAGAN
                                            Assistant U.S. Attorney

                                            *Attorneys for the United States of America*